People v Robb (2024 NY Slip Op 06218)

People v Robb

2024 NY Slip Op 06218

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
CARL J. LANDICINO
PHILLIP HOM, JJ.

2022-05886
 (Ind. No. 70170/21)

[*1]The People of the State of New York, respondent,
v
Treshawn Robb, appellant.

Patricia Pazner, New York, NY (Maisha Kamal of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Ann Bordley of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Phyllis Chu, J.), rendered June 22, 2022, convicting him of attempted criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was indicted for criminal possession of a weapon in the second degree (Penal Law § 265.03[3]) and criminal possession of a firearm (id. § 265.01-b[1]). The defendant subsequently pleaded guilty to one count of attempted criminal possession of a weapon in the second degree (id. §§ 110.00, 265.03).
The defendant's contention that Penal Law §§ 265.03(3) and 265.01-b(1) are unconstitutional in light of the decision of the United States Supreme Court in New York State Rifle & Pistol Assn., Inc. v Bruen (597 US 1), and that the indictment was thus defective, is unpreserved for appellate review since he failed to raise a constitutional challenge before the Supreme Court (see People v Cabrera, 41 NY3d 35; People v Manners, 217 AD3d 683, 685-686). In any event, the defendant's contention is without merit (see People v Wilson, 222 AD3d 1009, 1010). The ruling in Bruen had no impact on the constitutionality of New York State's criminal possession of a weapon statutes (see People v Manners, 217 AD3d at 686).
BRATHWAITE NELSON, J.P., GENOVESI, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court